UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:                                                          CHAPTER 13

MARTHA N. LOGAN                                          CASE NO. 07-70212

DEBTOR

**MEMORANDUM OPINION AND ORDER**

    This matter having come before the Court on confirmation of debtor Martha N. Logan's ("debtor")'s Chapter 13 plan (Doc 2), and on the objection to the plan of creditor Green Tree Servicing, LLC ("Green Tree") (Doc 12). The debtor's plan proposes to treat Green Tree's collateral (a mobile home) with a secured value of $17,500.00 with the balance unsecured. Green Tree objects to the plan arguing that the outstanding balance owed is $32,766.37, and that debtor is attempting an impermissible cram down under 11 U.S.C. § 1322(b)(2).

    The Trustee filed a response (Doc 28) arguing that the claim of Green Tree may be bifurcated and treated as secured to the extent of the value of the mobile home, with any remaining part of Green Tree's claim treated as a general unsecured claim because (1) a mobile home is classified as personal property under Kentucky law unless specific filing requirements are followed to convert it to real property; (2) Green Tree's lien only encumbers the mobile home; (3) the anti-modification rule of 11 U.S.C. § 1322(b)(2) does not apply because the mobile home is not real property; and (4) the definition of Debtor's principal residence under 11 U.S.C. § 101(13A) does not alter the definition of real property in 11 U.S.C. § 1322(b)(2).

    The Court took the matter under advisement following the October

10, 2007, hearing on the matter (Doc 33). After reviewing the pleadings, the Court issues this Memorandum Opinion and Order.

This matter is submitted to the Court on the following issue: Does the addition of 11 U.S.C. § 101(13A) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), in view of 11 U.S.C. § 1322(b)(2), prohibit a debtor from modifying a claim that is secured only by a security interest in a mobile home when that mobile home is the debtor's principal residence, but is located on real property in which the debtor has no ownership interest and against which the creditor has no perfected lien?

Facts.

On February 22, 1999, debtor executed a retail installment contract and security agreement with Greenpoint Credit Corp., the predecessor in interest to Green Tree for the financing of a 1999 Chandeleur mobile home. Pursuant to the terms of the agreement, the amount financed was $31,717.00 at an annual percentage rate of 10.14%.

On August 14, 1999, a certificate of title was issued in the name of debtor. Green Tree filed the appropriate title lien statement, and the title was issued with Greenpoint Credit noted as the lienholder.

On May 10, 2007, the debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Debtor's Chapter 13 plan proposes to treat Green Tree as secured in the amount of $17,500.00, payable in monthly installments of $357.00 at 8.25% interest with the balance of the claim unsecured. The Chandeleur mobile home is the debtor's principal residence.  The debtor holds no ownership interest in the real property on which the mobile home is located.  Green Tree holds no lien against the real property on which the mobile home is located.

Analysis.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

Chief Judge Scott, of this district, recently addressed this same issue in the bankruptcy case of <u>Eva Mae Belcher and Guice Belcher</u> (EDKY Case No.07-60382 Doc 43). Judge Scott held: (1) that state law governs the nature of the property interest and application of the 11 U.S.C. § 1322(b)(2) anti-modification provision requires an interest secured only by real property that is the Debtor's principal residence; and (2) that the addition of 11 U.S.C. § 101(13A) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), along with 11 U.S.C. § 1322(b)(2) does not prohibit a Debtor from modifying a claim that is secured only by a security interest in a mobile home when that mobile home is the Debtor's principal residence, but is located on real property in which the Debtor has no ownership interest and against which the creditor has no perfected lien. This Court adopts Judge Scott's reasoning from that opinion.

For the above reasons, IT IS HEREBY ORDERED that the objection of Green Tree is OVERRULED, and that the confirmation hearing shall be rescheduled by the Trustee.

COPIES TO:

Beverly Burden, Esq., Chapter 13 Trustee
U.S. Trustee
Jeanne K. Channell, Esq.
Chad H. Smith, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Friday, December 14, 2007**
**(wsh)**